LOGAN & CO. *v.* CHAPMAN.

[71 South. 807.]

SALES. *Actions for damages. Declaration. Sufficiency.*

The declaration set out in this case declaring upon a breach of contract with copy of contract and correspondence attached, was held by the court to sufficiently state a cause of action and a demurrer to the same should have been overruled by the court below.

APPEAL from the circuit court of Newton county.

HON. A. J. McLAURIN, Judge.

Suit by Logan & Company against H. T. Chapman. From an order sustaining a demurrer to his declaration, plaintiff appeals.

The declaration filed is as follows:

Now comes the plaintiff, Logan & Co., a firm or copartnership composed of W. W. Logan, Jr., and J. B. Franklin, citizens of Lauderdale county, Miss., by attorneys, and files suit in assumpsit against the defendant, H. T. Chapman, a resident citizen of Newton county, Miss., and for cause therefor would assign the following facts, to wit:

On or about, to wit, September——, 1913, plaintiff aforesaid was a lumber dealer and broker, dealing in various kinds of lumber, especially dealing in hardwood lumber, of which gum, oak, and poplar lumbers were then and there being dealt with and in by said plaintiff, and in dealing with and in said lumbers and in filling plaintiff's orders for such said lumbers said plaintiff relied wholly and exclusively upon the persons with whom said plaintiff held contracts to furnish lumbers, as said plaintiff had no mills of its own.

That on or about, to wit, September——, 1913, defendant aforesaid was engaged in operating a sawmill at or near Bethel, Newton county, Miss., and in doing so had cut and was cutting gum, oak, and poplar lumbers for the purpose of selling same to such person or persons who would buy same at such prices as said defendant and such purchasers might agree upon.

That on or about, to wit, September——, 1913, said plaintiff was in the market for and desired some gum, oak, and poplar lumbers, and began to negotiate with said defendant to supply said plaintiff with certain quantities of each sort or kind of lumber aforesaid, and said negotiations were consummated and a contract entered into by and between said defendant and said plaintiff on or about the 6th day of September, 1913, as appears more fully from copy of said contract of that date which is hereto attached,

marked Exhibit A, and hereby made part hereof the same
as if herein specifically set forth, wherein and whereby
said defendant did agree and obligate himself to furnish
gum, oak, and poplar lumbers in amounts and at the
prices therein named; that said acceptance contract was
executed in duplicate in this manner, to wit: The said
H. T. Chapman, defendant hereto, signed one of the parts
of said contract of acceptance of said orders from said
plaintiff for lumber, and said plaintiff signed the other
part or duplicate which was delivered to and accepted by
said defendant, and each of which parts of said duplicate
acceptance contract was duly and regularly accepted by
each of the parties hereto; that said lumbers, to wit, gum,
oak, and poplar, named in and covered by said acceptance
contract, were then and there in the possession of said
defendant, as is shown by the copy of letter from said
plaintiff to said defendant under date of September 4,
1913, and said defendant's answer thereto under date of
September 6, 1913, copies of each of which letters are hereto
attached, marked Exhibit B and C, respectively, and here-
by made parts hereof, the same as if herein specifically set
forth, each of which said letters were issued just prior to
the acceptance of said contract, copy of which is made
Exhibit A hereto, which contract was duly and legally
accepted by each of the parties hereto, and which contract
said plaintiff did rely upon.

That notwithstanding the contract aforesaid and the
fact that said plaintiff did rely upon said contract for the
purpose of filling orders procured on the strength thereof,
notwithstanding the fact that plaintiff was ready, willing
and anxious and able to perform plaintiff's part of the
contract aforesaid, and notwithstanding said defendant had
the said lumbers of the kinds and amounts specified in
contract on his yards at his said sawmill, said defendant
did deliver and furnish only the gum specified therein,
but willfully, wantonly, capriciously, or maliciously re-
fused to deliver the other kinds of lumber specified therein,
as is shown more fully from defendant's letter to said

plaintiff under date of November 14, 1913, a copy of which is hereto attached, marked D, and hereby made part hereof the same as if herein specifically set forth; that said refusal of said defendant to comply with his said contract and to furnish to said plaintiff the said oak and poplar lumbers was willful, wanton, capricious, or malicious and without justification in law; that said plaintiff was then and there ready, willing, and anxious and able to perform and to do each and everything incumbent upon said plaintiff to do under the terms of said contract; that because of said wrongful breach of said contract by said defendant said plaintiff was greatly damaged in actual damages in the sum of four dollars per M feet of each kind, to wit, oak and poplar lumber.

Wherefore plaintiff brings suit and demands judgment against said defendant for the sum of eight hundred dollars actual damages, and punitive damages, because of the willful, wanton, capricious, or malicious breach of said contract, in the sum of one thousand five hundred dollars making a total of two thousand three hundred dollars, damages, together with all costs of this suit.

*Thomas L. Bailey,* for appellant.

*Bird & Birch,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This appeal is from the circuit court of Newton county, where Logan & Co., appellants, filed their declaration against H. T. Chapman, appellee, claiming that the appellee, Chapman, is indebted to appellants in the sum of two thousand three hundred dollars in damages for breach of contract and failure to deliver to appellants certain amounts of lumber alleged to have been contracted for according to the terms of a written contract filed with the declaration in the suit. There was a demurrer filed to the declaration by the defendant in the court below, and was sustained, from which order of the court the appellants, Logan & Co., appeal here.

The declaration in question is so lengthy that we shall not burden this opinion by setting it out here, but will content ourselves with saying that it sufficiently states a cause of action which the defendant below should have been required to answer by pleading and proof; therefore the circuit court erred in sustaining the demurrer, and for such error the judgment of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*